**Order entered January 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01505-CV

### DALLAS NATIONAL INSURANCE COMPANY, Appellant

### V.

### CALITEX CORP., ELSHIR ENTERPRISES, L.P. AND THOMAS, L.P., Appellees

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-14157**

## ORDER

Before the Court are two January 8, 2015 motions of appellees Calitex Corporation, Elshir Enterprises, L.P., and Thomas, L.P.: (1) "Motion for Leave to File Motion to Show Cause in Trial Court" and (2) "Motion to Dismiss Appeal." Specifically, appellees seek leave from this Court to file a "Motion for Contempt of Court or, in the Alternative, Motion to Show Cause" in the trial court "so a hearing may be conducted on the whereabouts of an $812,861.34 certificate of deposit deposited into the registry of the Dallas County Clerk in lieu of a supersedeas bond" in this case. Additionally, appellees seek "the extraordinary relief of dismissal of the instant appeal in an effort to mitigate further irreparable harm to the [a]ppellees."

Appellant has filed responses opposing both motions of appellees. Appellant contends in part that rule 24.3 of the Texas Rules of Appellate Procedure "provides an appropriate remedy

for [a]ppellees" and "does not require leave of the court of appeals." *See* Tex. R. App. P. 24.3. Further, appellant asserts "[a]ppellees cite no authority for the proposition that this Court can, or should, dismiss an appeal because a Receiver has, in accordance with the order of the court appointing him, withdrawn security posted in lieu of a supersedeas bond."

"Any litigant may appeal without superseding the trial court's judgment, but the mere pendency of an appeal does not stay enforcement of the judgment." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 449 (Tex. 1993). Unless the law or the rules of appellate procedure provide otherwise, a judgment debtor may supersede the judgment by, among other methods, "making a deposit with the trial court clerk in lieu of a bond." Tex. R. App. P. 24.1.

We note Texas Rule of Appellate Procedure 24.3(a) provides,

(a) *Continuing Jurisdiction.* Even after the trial court's plenary power expires, the trial court has continuing jurisdiction to do the following:
(1) order the amount and type of security and decide the sufficiency of sureties; and

(2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution.

Tex. R. App. P. 24.3(a) (emphasis original).

Appellees do not address rule 24.3(a) or explain why, in light of that rule, they require leave of this Court to pursue appropriate relief in the trial court. *See id.* Further, appellees cite no authority, and we have found none, supporting their position that dismissal of this appeal is appropriate on the facts alleged by them.

We **DENY** appellees' January 8, 2015 "Motion for Leave to File Motion to Show Cause in Trial Court" and "Motion to Dismiss Appeal."

/s/     DOUGLAS S. LANG
          JUSTICE